289 So.2d 161 (1974)
Cheryl GERVAIS, wife of Robert BORRAS
v.
Dorothy NEW, wife of Sherman FALGOUST.
No. 54298.
Supreme Court of Louisiana.
February 15, 1974.
Writ denied. The judgment of the Court of Appeal is correct.
BARHAM, J., dissents from the writ denial. The mother here who applied for custody of her child under a habeas corpus remedy, has shown her "paternal" authority. The habeas corpus remedy is designed to test the authority of the person to have legal custody. C.C.P. Art. 3821. Nothing else is before a district court in a habeas corpus proceeding except the question of determination of which claiming party has legal authority. The unfitness of a mother or father in a habeas corpus proceeding against a stranger is never before the court. Only the State has a superior right to question paternal authority. Juvenile courts are given exclusive jurisdiction for the State to exercise their interest in the children of the State. If the State wished to invoke a neglect action in the juvenile court while this habeas corpus proceeding was pending, it could have. Any interested party could have called to the attention of the State the question of the child's neglect so that proper remedy could be resorted to in a juvenile court proceeding. The child is not left unprotected from an unfit parent simply because the district court in a habeas corpus proceeding is limited to the question of legal authority. The case of In re Sherrill, 206 La. 457, 19 So.2d 203 (1944), which held that a child could not be declared neglected while being provided for by some person, although that person did not have legal custody of the child, is erroneous. Unless the child is given legal protection it may be a neglected child by virtue of being subjected to the control of an unfit mother or father who has the legal custody. Insofar as Sherrill is in conflict with the rationale that a juvenile court proceeding may be invoked to determine fitness of a parent when in the custody of another, it should be overruled. Griffith v. Roy, 263 La. 712, 269 So.2d 217 (1972) should be construed to limit a district court's consideration in habeas corpus proceedings involving child custody to questions of the prevailing party with legal authority. The juvenile court, through proper proceeding, may protect the State's interest in the welfare of the child through a neglect proceeding.
*162 TATE, J., is of the opinion the writ should be granted. The habeas corpus remedy is designed to test the "authority" of persons holding custody of the child. La.C.Civ.P. Art. 3821. However unfit the mother, and whatever remedy the State has by proper abandonment and child-neglect proceedings to award custody to the Falgousts, they have no authority of law to retain custody of the child as against its mother, being complete strangers having the child with them only through the now-revoked consent of the mother.
DIXON, J., concurs in the denial. The jurisdiction of the district court is fixed by the Constitution and is unlimited except as provided therein. C.C.P. 10(5) is statutory recognition of the power and authority of the court to decide legal custody of a minor.